STATE OF MISSOURI TO USE OF RUD. B. HEITKAMP, Appellant, v. ALSTON L. RYLAND et al., Respondents.

St. Louis Court of Appeals, December 7, 1897.

Notary Public: CERTIFICATE TO ACKNOWLEDGMENT OF ONE IMPERSON-ATING ANOTHER: LIABILITY OF NOTARY AND SURETIES ON BOND. In a suit against a notary and sureties on his bond for an alleged false certificate of acknowledgment of one *R. H. S.* to a mortgage, where the notary certified that the person whose acknowlegdment he took was *R. H. S.*, that he was personally known to him to be *R. H. S.*, and the same *R. H. S.* who signed the mortgage, and the evidence was that a *R. H. S.* did own the land described in the mortgage, but he was not the *R. H. S.* who executed the instrument, and there was no direct testimony or circumstances tending to prove that the name of the person signing the mortgage was not *R. H. S.* Held, that there was a failure of proof, and plaintiff could not recover.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED; Judge BOND concurring, Judge BIGGS dissenting.

CERTIFIED TO SUPREME COURT.

BLAND, P. J.—Alston L. Ryland, in February, 1895, was a notary public in the city of St. Louis. This suit was brought against him and his sureties on his official bond as such notary. The breach of the bond, as substantively alleged in the petition, is that

Ryland, as notary, on the seventh day of February, 1895, took and certified the acknowledgment of one Richard H. Sykes to a mortgage, which certificate was false in this, that Richard H. Sykes did not sign said mortgage, did not acknowledge it, did not appear before Ryland as notary on February 7, 1895, or at any other day, and was not known to Ryland. That Heitkamp, relying on the genuineness of the mortgage and the truth of Ryland's certificate of acknowledgment, loaned the sum of $600 to the person falsely representing himself to be Richard H. Sykes, and that he had lost his money. The answers denied the breach. The evidence tended to prove that a man calling himself Dick Sykes was known to several citizens of the city as Dick Sykes. J. H. McClain, a witness for defendants, testified that he had known him as Richard H. Sykes from September, 1893, and that he had listed property to him over the signature of Richard H. Sykes in September, 1893; did not know his place of residence, but had seen him frequently in the city, up to the time he borrowed the $600; that he disappeared a few days after getting the money, and that he had not seen him since. Mr. Holschen was the agent of the plaintiff who made the loan. It appears from his testimony that Sykes applied to him for a loan and offered to secure the loan upon a farm, which he claimed to own in Madison county, Illinois. Holschen required an abstract of title, which Sykes (or the so-called Sykes) procured, and which was satisfactory to Holschen. Holschen asked Sykes if he knew anybody in the city. He replied yes, he knew Mr. Ryland (defendant); that he was a notary public on Chestnut street, and that he thought he mentioned another man's name; that he said to him, "If you bring Mr. Ryland it is all right."

*NOTARY public: certificate to acknowledgment of one impersonating another bearing same name: liability of notary and sureties on official bond: evidence.*

Sykes went out and returned with Ryland and another man. Ryland introduced Sykes to him, took and certified the acknowledgment to the mortgage, and the money was paid over. Ryland testified that Sykes had been introduced to him some months before he took his acknowledgment to the mortgage, and that he had frequently seen him walking on Chestnut and Tenth street, and that he had been introduced to him in one of the real estate offices.

It turned out on the trial that a Richard H. Sykes did own the lands described in the mortgage, but he was not the Richard H. Sykes or the pretended Richard H. Sykes who executed the mortgage and got the plaintiff's money. The issues were submitted to the court sitting as a jury, who from the evidence found for defendants. The plaintiff perfected his appeal in due time. The plaintiff asked several instructions, which were refused, and the court of its own motion gave declarations of law indicating its views on the legal aspects of the case. It is unnecessary to notice or comment on these instructions, as in our judgment the proof was insufficient to warrant a finding for plaintiff. The certificate of the notary does not state that the Richard H. Sykes who signed and acknowledged the deed is the same person described in and who executed the deed, as he would have had to certify under the Missouri law, section 2408, Revised Statutes 1889, but only that he is the same Richard H. Sykes who signed the deed. The statutes of the state of Illinois concerning the certificate to the acknowledgment of instruments conveying real estate were not put in evidence in this case, nor was it shown that a notary in this state is authorized under the laws of that state to take and certify such acknowledgments. The case, however, was tried by both sides on the theory that he had such power, and that his certificate was in

conformity to the laws of that state, and we will so treat the case here.   His certificate was that the person whose acknowledgment he certified was Richard H. Sykes, and that he was personally known to him to be Richard H. Sykes and the same Richard H. Sykes who signed the instrument.   To this extent we are inclined to the opinion he is responsible on his bond if these facts to which he has certified should prove to be false. It was not so proven in this case.   The persons may have the identical name, and the fact that one of them does not know the other is not proof that the latter does not exist.   So far as the testimony shows, the individual who signed the mortgage and whose acknowledgment Ryland certified, was named Richard H. Sykes, or pretended Sykes, and the certificate of the notary was in every respect true.   To entitle the plaintiff to recover, he should have offered testimony reasonably satisfactory that the individual who signed the mortgage and whose acknowledgment thereto was certified, was not named Richard H. Sykes.   True it is that this Sykes perpetrated a gross fraud on the plaintiff; and the circumstances attending the transaction and the fact that he was not the Sykes who owned the mortgaged land, raise a very strong suspicion that he assumed the name of Richard H. Sykes for the purpose of perpetrating the fraud, but in the absence of any direct testimony or other circumstances tending to prove that his name was not Richard H. Sykes, no court or jury would be warranted in saying that that was not his true name.   There was a failure of proof, and the judgment is affirmed.   Judge BOND concurs; Judge BIGGS dissents, on the ground that the opinion is in conflict with the case of *State ex rel. v. Meyer*, 2 Mo. App. 413, and asks that the case be certified to the supreme court for final decision, which is accordingly done.

### SEPARATE OPINION.

BIGGS, J.—I have asked that this case be certified to the supreme court because the reasoning of the opinion is, in my judgment, opposed to that of this court in the case of *State v. Meyer*, 2 Mo. App. 413. Besides, the opinion of Judge BLAND is full of mischievous consequences. Under it a rascally "John Smith" in Missouri will be enabled to defraud others, with but little trouble to himself and with comparatively little danger of punishment. He need only secure an abstract of title to a farm in Illinois, the record title of which is in one of his namesakes, secure the services of an accommodating notary to whom he may have been introduced as "John Smith," have his acknowledgment taken to a conveyance of his namesake's farm, and thus armed, he may sally forth in search of victims.

There is a question, however, that has given me trouble. It is not suggested by counsel on either side, and I call attention to it now, so that the attorneys may look into it, and if considered as having merit, it may be presented to the supreme court. The condition in the notarial bond is that the defendant Ryland "shall faithfully perform the duties of said office according to law." According to what law? Certainly the common law and the statute law of the state of Missouri. As to the violation of his duties under these laws, Ryland and his bondsmen are clearly liable. But does the liability of the sureties extend to the malperformance of duties imposed upon their principal by the laws of a sister state? That is the case we have here, for it is only by virtue of the statutes of Illinois that Ryland was authorized to take the acknowledgment. Ryland himself would be liable, but I seriously doubt if his sureties could be held. Their contract is one of strict law.